# UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

**CARDELL BELL**                                        **CIVIL ACTION**

**VERSUS**                                              **NO. 14-229-SDD-RLB**

**ALLSTATE INSURANCE**
**COMPANY**


## NOTICE

       Please take notice that the attached Magistrate Judge's Report and Recommendation has been filed with the Clerk of the U.S. District Court for the Middle District of Louisiana.

       In accordance with 28 U.S.C. §636(b)(1), you have 14 days from date of receipt of this notice to file written objections to the proposed findings of fact and conclusions of law set forth in the Magistrate Judge's Report.  A failure to object will constitute a waiver of your right to attack the factual findings on appeal.

       **ABSOLUTELY NO EXTENSION OF TIME SHALL BE GRANTED TO FILE WRITTEN OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT.**

       Signed in Baton Rouge, Louisiana, on September 12, 2014.


_____
   **RICHARD L. BOURGEOIS, JR.**
   **UNITED STATES MAGISTRATE JUDGE**

# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

**CARDELL BELL**                                           **CIVIL ACTION**

**VERSUS**                                                      **NO. 14-229-SDD-RLB**

**ALLSTATE INSURANCE
COMPANY**

---

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

---

Before the Court is Plaintiff Cardell Bell's Motion to Remand for lack of subject matter

jurisdiction, filed on July 22, 2014. (R. Doc. 6). The deadline to file an opposition to the Motion

was August 15, 2014. [1] As of the filing of this Report and Recommendation, no opposition has

been submitted. The Motion, therefore, is unopposed.

## I.     PROCEDURAL HISTORY

Plaintiff filed his cause of action in the 19th Judicial District Court for the Parish of East

Baton Rouge against the defendant, Allstate Insurance Company ("Allstate"), on March 31,

2014. (R. Doc. 1-2, "Petition"). The Petition alleges that Allstate insured plaintiff's dwelling and

personal property in Baton Rouge, LA, and during the time period that the policy was in force

plaintiff suffered a covered loss based on the theft of "four two ton units."[2] (Petition, ¶8).

Plaintiff alleges that Allstate breached its duty of good faith and fair dealing, due to Allstate's

failure to pay the insurance claim associated with this theft. (Petition, ¶21). Plaintiff further

alleges, among other things, that Allstate's failure to pay was "arbitrary, capricious, or without

---

[1] Local Rule 7.4 provides for responses in opposition to be filed within 21 days. Assuming any such motion is
served through CM/ECF, Rule 6(d) of the Federal Rules of Civil Procedure directs that 3 days are added.

[2] Although not specifically identified as such, the court presumes that this is a reference to four, two ton exterior air
conditioning units.

cause" and therefore plaintiff is entitled to penalties assessed against Allstate not to exceed two times the damages sustained or five thousand dollars, whichever is greater, in addition to any general or special damages to which plaintiff may be entitled. (Petition, ¶17).

Allstate timely removed the action to this Court on April 16, 2014. (R. Doc. 1 at 6); *see* 28 U.S.C. § 1446(b) ("notice of removal . . . shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading"). Allstate's Notice of Removal alleges this Court has subject matter jurisdiction over plaintiff's claims based on diversity jurisdiction. (R. Doc. 1 at 2); *see* 28 U.S.C. §§ 1332, 1441(b) (diversity of citizenship and removal). According to Allstate, the parties are completely diverse and the amount in controversy exceeds $75,000, exclusive of interests and costs (R. Doc. 1 at 2-5).

## II.    LAW AND ANALYSIS

A defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). When original jurisdiction is based on diversity of citizenship, the cause of action must be between "citizens of different states" and the amount in controversy must exceed the "sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a)-(a)(1). Subject matter jurisdiction must exist at the time of removal to federal court, based on the facts and allegations contained in the complaint. *St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1253 (5th Cir. 1998) ("jurisdictional facts must be judged as of the time the complaint is filed"). Remand is proper if at any time the court lacks subject matter jurisdiction. *See* 28 U.S.C. §1447(c). The removal statute, 28 U.S.C. §1441, is strictly construed and any doubt as to the propriety of removal should be resolved in favor of remand. *Gasch v. Hartford Acc. & Indem. Co.*, 491 F.3d 278, 281-82 (5th Cir. 2007).

As the removing party, the defendant has the burden of proving federal jurisdiction and,

if challenged, that the removal was procedurally proper. *Garcia v. Koch Oil Co. of Tex. Inc.*, 351

F.3d 636, 638 (5th Cir. 2003) ("party seeking to invoke federal diversity jurisdiction bears the

burden of establishing . . . that the parties are diverse" ). A party invoking diversity jurisdiction

must properly allege the citizenship of all parties and show that there is complete diversity.

In addition, if removal is sought on the basis of diversity jurisdiction, then "the sum demanded in

good faith in the initial pleading shall be deemed to be the amount in controversy." 28 U.S.C.

§1446(c)(2). If, however, the " State practice . . . does not permit demand for a specific sum . . .

[removal] is proper if the district court finds, by the preponderance of the evidence, that the

amount in controversy exceeds [$75,000]." 28 U.S.C. § 1446(c)(2)(A)(ii)-(B). The burden of

proof is on the removing defendant to establish that the amount in controversy has been satisfied.

*Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). The defendant may make this

showing by either (1) demonstrating that it is facially apparent that the claims are likely above

$75,000, or (2) by setting forth facts in controversy that support a finding of the jurisdictional

minimum. *Id*. If the defendant can produce evidence sufficient to show by a preponderance that

the amount in controversy exceeds the jurisdictional threshold, the plaintiff can defeat diversity

jurisdiction only by showing to a legal certainty that the amount in controversy does not exceed

$75,000. *St. Paul Mercury Indemnity Co. v. Red Cab Co*., 303 U.S. 283, 289 (1938); *Grant v.*

*Chevron Phillips Chem. Co.*, 309 F.3d 864, 869 (5th Cir. 2002); *De Aguilar v. Boeing Co*., 47

F.3d 1404, 1412 (5th Cir. 1995).

### A.      Diversity of Citizenship

In the Motion to Remand, plaintiff does "not dispute that the parties herein are citizens of

different states" and therefore diversity of citizenship is present. (R. Doc. 6-1 at 2). A party

invoking diversity jurisdiction must allege both the state of incorporation and principal place of business of each corporate party. *See, e.g., Illinois Central Gulf Railroad Co. v. Pargas, Inc.*, 706 F.2d 633 (5th Cir. 1983). In the Notice of Removal, Allstate represents that the plaintiff is a citizen of and domiciled in Louisiana. Allstate further asserts that it "is a foreign insurer with their principal place of business in the State of Illinois." (R. Doc. 1 at 2). Allstate does not, however, identify its state of incorporation. *See Hertz Corp v. Friend*, 559 U.S. 77, 88 (2010) (corporation is citizen of both its state of incorporation and its principal place of business); 28 U.S.C. § 1332(c)(1) ("a corporation shall be a citizen of every State and foreign state by which it has been incorporated and . . . where it has its principal place of business").

On July 25, 2014, the court ordered Allstate to amend its notice of removal and affirmatively allege its own state of incorporation. It has failed to comply with that order. Notwithstanding its failure to do so, for purposes of this report and recommendation the court will presume that Allstate's assertion that it is a "foreign insurer" is a representation that its state of incorporation is a state other than Louisiana and therefore the parties are diverse.

**B.     Amount in Controversy**

The parties disagree as to whether the amount in controversy has been satisfied under 28 U.S.C. § 1332(a). In order to determine whether the requirements for subject matter jurisdiction have been satisfied, the court will first consider whether it is facially apparent from the complaint that the plaintiffs' claims likely exceed $75,000. If not, the court will consider whether the defendants have set forth any summary-judgment type evidence supporting a finding of the jurisdictional minimum.

## 1. The amount in controversy is not facially apparent

Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court. In accordance with article 893(A), the plaintiff does not specify the amount of damages sought.

In the Petition, the plaintiff alleges that he suffered an insured loss of "four two ton units" that were stolen from his residence. (Petition, ¶8). No other specific losses or specific damages are specified.[3] No value of these units is provided. There is no indication of any purported amount claimed by the plaintiff upon which Allstate is alleged to have denied. The petition makes certain general statements about "damages to the dwelling and personal property" and conclusory assertions that he has suffered "additional expenses" and "mental anguish, financial distress and inconvenience." (Petition, ¶¶ 6, 10, 23). Although the Petition alleges that plaintiff is also entitled to penalties and attorney's fees based on Allstate's "bad faith" and "arbitrary and capricious" behavior, there is nothing provided in the Petition to value any such penalty.

Allstate's Notice of Removal simply states that the matter in dispute exceeds the sum of $75,000 based upon "information and belief." (R. Doc. 1 at 4). It provides nothing specific about the Petition or the claims asserted to support that belief.

Furthermore, although Louisiana Code of Civil Procedure article 893(A) prohibits plaintiffs from specifying an amount of damages in a petition filed in Louisiana court, it expressly requires plaintiffs to generally allege, if applicable, that the damages sought are sufficient to qualify for the right to a jury trial or to establish federal jurisdiction.[4]

---

[3] The petition does allege that the policy "is for coverage in the amount of One Hundred Sixty Seven Thousand dollars ($167,000.00)." (Petition, ¶5). It is the proof of damages, not the policy limit, however, that is the appropriate measure of amount in controversy for purposes of diversity jurisdiction. *See Richard v. State Farm Fire and Cas. Ins. Co.*, Civ. Act. No. 09-718, 2009 WL 1941248 (E.D. La. July 2, 2009) (citing *Hartford Ins. Group v. Lou–Con Inc.*, 293 F.3d 908, 911 (5th Cir. 2002)).

[4] "No specific monetary amount of damages shall be included in the allegations or prayer for relief of any original, amended, or incidental demand. The prayer for relief shall be for such damages as are reasonable in the premises

The Petition is silent regarding plaintiff's right to a jury trial, and thus provides no

guidance as to whether plaintiff asserts that his claims exceed $50,000, which is the threshold for

a right to a jury trial in Louisiana. *See* La. C.C.P. Art. 1732 ("A trial by jury shall not be

available in . . . A suit where the amount of no . . . cause of action exceeds fifty thousand dollars

exclusive of interest and costs"); *see also Brown v. Richard*, No. Civ. A. 00-1982, 2000 WL

1653835, at *4 (E.D. La. Nov. 2, 2000) ("jury demand for state court can be a factor in

determining whether the amount in controversy requirement for federal jurisdiction is satisfied"

but alone is not controlling to satisfy the jurisdictional requirement).

Based on the foregoing, the court concludes that it is not facially apparent from the

Petition that the amount in controversy is satisfied.

> ### 2. The defendants have not established that the amount in controversy requirement is satisfied.

Because the amount in controversy is not facially apparent, the court can only find that

jurisdiction exists if the defendants have set forth any facts in controversy, or submitted

summary judgment type evidence, that support a finding of the jurisdictional minimum. As set

forth above, the Notice of Removal provides no additional information about the amount in

controversy.[5] No opposition to the Motion to Remand has been filed.

In the Motion to Remand, there is a representation that "Plaintiff has stipulated and

defendant agreed that the amount in controversy does not exceed $75,000." (R. Doc. 6-1).

---

except that if a specific amount of damages is necessary to establish the jurisdiction of the court, the right to a jury trial, the lack of jurisdiction of federal courts due to insufficiency of damages, or for other purposes, a general allegation that the claim exceeds or is less than the requisite amount is required. By interrogatory, an opposing party may seek specification of the amount sought as damages, and the response may thereafter be supplemented as appropriate." La. C. Civ. P. art. 893(A)(1).

[5] The notice of removal includes certain Interrogatories and Requests for Production by Allstate to the plaintiff requesting information regarding plaintiff's alleged value of property damaged, specific monetary damages alleged, basis for allegation that Allstate is subject to penalties and/or acted in bad faith. (R. Doc. 1-5 at 10-11, 16). Responses to any of those discovery requests, however, have not been provided to the court and thus are of no value in determining whether the jurisdictional amount is satisfied.

Because the Petition is ambiguous with regard to the amount in controversy, the court may consider a post-removal stipulation offered to clarify the amount in controversy. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) ("[P]ost-removal affidavits may be considered in determining the amount in controversy at the time of the removal."); *ANPAC*, 988 F.2d at 565 (when the affidavit "clarif[ies] a petition that previously left the jurisdictional question ambiguous," the court may consider it in determining whether remand is proper); *McGlynn v. Huston*, 693 F. Supp. 2d 585, 596 (M.D. La. 2010) (properly considering post-removal affidavit regarding the amount in controversy "since [defendant] failed to carry his burden of proof upon removal and the amount in controversy remains ambiguous"); *Royal Cosmopolitan, LLC v. Star Real Estate Group, LLC*, 629 F. Supp. 2d 594, 597 (E.D. La. 2008) ("When the amount in controversy is ambiguous, as it is here, the nonremoving party may submit [a post-removal] affidavit to clarify the amount of damages sought.").

A plaintiff's stipulation that the amount in controversy is satisfied is only binding "if, within that stipulation, [he] expressly renounced his right to recover in excess of $75,000.00" in state court. *McGlynn*, 693 F. Supp. 2d at 593 (plaintiff's stipulation was not binding because it failed to "provide that he will not accept more than [$75,000] in the event he is awarded that amount in state court"); *see also Printworks, Inc. v. Dorn Co., Inc.*, 869 F. Supp. 436, 440 (E.D. La. 1994) (stipulations which "fall short of stipulating that the claimant will not seek more than the jurisdictional amount" are not binding). This is because a Louisiana state court can award all damages to which it feels a plaintiff is entitled, regardless of what is plead in the petition. *See* La. C. Civ. P. art. 862 ("a final judgment shall grant the relief to which the party in whose favor it is rendered is entitled, even if the party has not demanded such relief in his pleadings").

Here, the plaintiff has provided nothing to the court that reflects the purported stipulation other than the bare assertion in the Motion to Remand. As such, the court is unable to use any supposed stipulation to clarify the amount in controversy. Because the court has not been provided any facts in controversy or summary judgment type evidence to support a finding of the jurisdictional minimum, the court cannot conclude that it has jurisdiction over this matter.

## III.    CONCLUSION

For the reasons given above, the defendant has failed to meet its burden in of proving federal jurisdiction. Therefore, it is **RECOMMENDED** that Plaintiff's Motion to Remand (R. Doc. 6) be **GRANTED**, and that this matter be **REMANDED** to the 19th Judicial District Court, Parish of East Baton Rouge, State of Louisiana.[6]

Signed in Baton Rouge, Louisiana, on September 12, 2014.

_____
**RICHARD L. BOURGEOIS, JR.**
**UNITED STATES MAGISTRATE JUDGE**

---

[6] Plaintiff requests an award of costs and attorney's fees for the defendant's improper removal. Plaintiff has not, however, provided any information to the court to calculate those fees. Plaintiff's Motion to Remand is one sentence long and the memorandum in support is two pages and merely cites the applicable statute. The court has also not been provided the party's stipulation and is therefore unable to consider that agreement in determining whether such an award is justified. For these reasons, no award of costs or expenses is recommended. *See* 28 U.S.C. § 1447(c) (determination is at the court's discretion as an order remanding the case "may" require payment of costs and expenses).